

January 8, 2019

**Laura B. Dowgin**
Direct Phone   212-453-3775
Direct Fax      646-461-2087
ldowgin@cozen.com

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Re:     Hiscox Insurance Company, Inc. v. Business Moves Consulting, et al.,
         Case No. 18-cv-102222-PAE**

Dear Judge Engelmayer:

This firm represents Hiscox Insurance Company, Inc. ("Hiscox") in the above-referenced matter. Please accept this letter in response to the letter submitted by Mr. Pampley, on behalf of Defendant Business Moves Consulting, Inc. dba Business Moves ("Business Moves"), dated January 3, 2019. Business Moves, having had the benefit of two months to contemplate this lawsuit filed against it, now seeks a further unlimited extension of time in which to respond. Hiscox respectfully requests that the Court refuse to grant any further extension.

In its recent letter, Business Moves acknowledges receipt of this Court's Order, dated December 4, 2018, extending its time to file an answer or other responsive pleading to December 31, 2018. This late request for an extension of time is therefore improper as it was made several days <u>after</u> the time to file an answer or response was due. Business Moves further acknowledges that the Court also ordered that future filings must be submitted by counsel, and therefore the January 3, 2019 letter is also improper on this basis.

Business Moves is a corporate entity, not an individual. It was served with this lawsuit on November 9, 2018 (<u>See</u> Doc. No. 8) and has had nearly two full months to retain counsel. It has failed to do so. There is no explanation in the January 3, 2019 letter as to what efforts Business Moves has taken to retain counsel, or any reason given as to why it could not retain New York counsel during that lengthy time period. This is particularly confusing as Mr. Pampley, on behalf of Business Moves, was physically present in New York (and represented by no less than three New York attorneys) on December 11, 2018 for the settlement conference in the underlying action pending before this Court (Case No. 1:18-cv-05187). Nor does Business Moves indicate the current status of any discussions with New York counsel or suggest any time in the future in which it might be able to appear.

The undersigned is the only attorney of record in this litigation. The only time this office has ever been contacted by Business Moves was on November 26, 2018 when it requested an initial extension of time to respond to this lawsuit. There has been absolutely no communication between Business Moves and this office since the Court issued its December 4, 2018 Order,

45 Broadway   16th Floor New York, NY 10006
212.509.9400     800.437.7040     212.509.9492 Fax     cozen.com

Hon. Paul A. Engelmayer
January 8, 2019
Page 2

_____

aside from brief introductions at the December 11, 2018 settlement conference in the underlying action. Any representation to the contrary in the January 3, 2019 letter is entirely false, as proven by the fact that Business Moves refers to Hiscox's attorney as a "he."

Business Moves' attempt to set forth its substantive defenses and legal arguments in requesting a second, late, extension of time is inappropriate. The Clerk of the Court has appropriately certified that Business Moves is in default and Hiscox intends to seek a default judgment unless otherwise ordered.

Finally, this office is unaware of any "process of exploring settlement" with Hiscox in this declaratory judgment action. To the extent Business Moves would like to discuss an early resolution, my contact information is above.

Sincerely,

COZEN O'CONNOR

By:     Laura B. Dowgin

LBD


cc:     Mack Pampley, Business Moves Consulting, Inc. (via U.S. Mail)