**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

HISCOX INSURANCE COMPANY, INC.,

                    Plaintiff,

    v.

CURTIS BORDENAVE, BUSINESS
MOVES CONSULTING, INC. dba
BUSINESS MOVES,

                  Defendants.

1:18-CV-10222-PAE

---

## MEMORANDUM OF LAW OF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

1

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................................2

TABLE OF AUTHORITIES ........................................................................................................3

PRELIMINARY STATEMENT ...................................................................................................6

STATEMENT OF FACTS ............................................................................................................6

ARGUMENTS...............................................................................................................................7

I.    PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(b)(2), FOR THE FAILURE TO OBTAIN PERSONAL JURISDICTION OVER EITHER DEFENDANT...................................................................................7

    A.    The Underlying Action in this case does not, on its own, confer personal jurisdiction over the Defendants in this case..............................................................................................................8

    B.    This Court lacks any other basis for personal jurisdiction over Defendants......................10

II.    PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(B)(2), BECAUSE PLAINTIFF BROUGHT THIS ACTION IN AN IMPROPER VENUE. ..................................................................................................19

    A.    Mississippi is the only proper venue under 28 U.S.C. 139l(b)(2) because that is where the policy was entered into and where the insured resides. ..............................................................20

    B.    This District is not proper under 28 U.S.C. 139l(b)(3) because this court lacks jurisdiction over both Defendants and because there is a statutory basis for venue in other districts. .........................22

    C.    Dismissal is also required by the doctrine of Forum *non Conveniens*. ...............................22

    CONCLUSION.......................................................................................................................24

### **TABLE OF AUTHORITIES**

**Cases**

*Aguinda v. Texaco, Inc.*, 142 F. Supp.2d 534, 538 (S.D.N.Y. 2001)  24

*Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996 (2d Cir. 1993)  24

*Am. Cas. Co. v. River's Edge Pharm., LLC,* No. SA-05-CA-525-FB, 2006 U.S. Dist. LEXIS 67507, at
  *37-38 (W.D. Tex. Jan. 9, 2006)  9

*American Alliance Ins. Co. v. Sunbeam Corp.,* 1999 U.S. Dist. LEXIS 713, at *10 (S.D.N.Y. Jan 28,
  1999)  21

*Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp.2d 729, 730 (S.D.N.Y. 1998)  23

*Andersen v. Sun Life Assurance Co*., 2015 U.S. Dist. LEXIS 192551, at *7 (S.D.N.Y. Nov. 13, 2015)  15

*Avemco Ins. Co. v. GSF Holding Corp.*, 96 CIV. 8323 (LAP), 1997 U.S. Dist. LEXIS 13716, at *1
  (S.D.N.Y. Sep. 5, 1997)  22

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002)  17, 19

*Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997)  16

*Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 476 (1985)  17

*Calder v. Jones*, 465 U.S. 783, 788 (1984)  17

*Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014)  18

*E-Z Bowz, LLC v. Prof'l Prod. Research Co.*, 2003 U.S. Dist. LEXIS 15256, No. 00 Civ. 8670 (LTS)
  (GWG), 2003 WL 22064259, at *8 (S.D.N.Y. Sept. 5, 2003)  14

*Flaherty v. All Hampton Limousine Inc.*, 2002 U.S. Dist. LEXIS 15171, at *3 (S.D.N.Y. August 16, 2002)
  21

*Geller Media Management, Inc. v. Beaudreault*, 910 F. Supp. 135, 137 (S.D.N.Y. 1996)  13

*Gulf Ins. Co. v. Caldor Corp.*, 2006 U.S. Dist. LEXIS 38136, at *17 (S.D.N.Y. June 7, 2006)  passim

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)  24, 25

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984)  17

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985)                                    10

*International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)                          17

*Jazini v. Nissan Motor Co.*,148 F.3d 181, 184 (2nd Cir. 1998)                                            7, 8

*Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)                                                                        14

*JP Morgan Chase Bank, N.A. v. Law Office of Robert Jay Gumenick, P.C.*, 2011 U.S. Dist. LEXIS 46319,

    at *10-12 (S.D.N.Y. Apr. 21, 2011)                                                                    10

*Katiroll Co. v. Kati Roll & Platters, Inc.*, 2010 U.S. Dist. LEXIS 70977, at *5 (S.D.N.Y. July 9, 2010)   8

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)                                          13

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77 N.Y.2d 28, 33 (1990)          11

*Lans v. Adduci Mastriani & Schaumberg L.L.P.*, 786 F. Supp. 2d 240, 275-76 (D.D.C. 2011)          9

*Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 334 (2012)                                          13, 14

*Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001)   11

*McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981)                                                              13

*Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)                  19

*Overseas Ventures, LLC v. Row Management, Ltd.*, 2012 U.S. Dist. LEXIS 159097, at *10 (S.D.N.Y.

    Oct. 26, 2012)                                                                                                  11

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251 (1981)                                                  23

*Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008)                              18

*Prime Ins. Co. v. LoCastro & Assocs., Inc.*, 170 F. Supp. 2d 786 (N.D. Ohio 2001)              10

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2nd Cir.1994)                      7

*Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109, at *5-6 (S.D.N.Y. Oct. 21,

    2002)                                                                                                            22

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)              23

*Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 436-37 (S.D.N.Y. 2018)          22

*Thomas v. Ashcroji*, 470 F.3d 491, 495 (2nd Cir. 2006)                                                  7

*Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 207 (E.D.N.Y. 2006)          8

      **Statutes**

28 U.S.C. § 1404(a)                                                                 21, 23

28 U.S.C. § 1406(a)                                                                 21

28 U.S.C. 1391(b)(3)                                                                20

28 U.S.C. 139l(b)                                                                   20

28 U.S.C. 139l(b)(2)                                                                20

CPLR § 302(a)                                                                       12, 15

CPLR 302(a)(2)                                                                      15

CPLR 302(a)(3)                                                                      16

Fed. R. Civ. P. 12(b)(2)                                                           16

Fed. R. Civ. P. 4(k)(1)(A)                                                          10

Fed. R. Civ. P. l 2(b)(3)                                                           23

## PRELIMINARY STATEMENT

Defendants Curtis Bordenave and Business Moves Consulting, Inc., (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Plaintiff's Complaint with prejudice pursuant to the following sections of the Federal Rules of Civil Procedure dismissing: (1) Rule 12(b)(2), on the basis that Plaintiff failed to establish personal jurisdiction; (2) Rule 12(b)(3), on the basis that Plaintiff has brought this action in an improper venue.

## STATEMENT OF FACTS

Plaintiff Hiscox Insurance Company, Inc., ("Plaintiff" or "Hiscox") has brought this action against Defendants Business Moves Consulting, Inc. ("Business Moves") and Curtis Bordenave ("Bordenave", collectively with Business Moves, "Defendants") for a Declaratory Judgment pursuant to 28 U.S.C. §2201(a), seeking a judicial declaration that the insurance policies issued to the Defendants carry no duty to defend or indemnify the Defendants in an action pending in this same district, *Khaled M. Khaled and ATK Entertainment, Inc. v. Curtis Bordenave and Business Moves Consulting Inc. dba Business Consulting*, 1: 18-cv-05187 (the "Underlying Action"). *See* Complaint, Docket No. 1. A copy of the complaint in the Underlying Action is attached as **Exhibit A** hereto.

Defendant Bordenave is currently a resident of Mississippi (where he intends to reside permanently) and was a resident of Texas for the year prior, including the time period alleged in the Underlying Action. *See* Bordenave's Declaration at 7-8, a copy of which is attached as **Exhibit B** hereto. Defendant Business Moves is a Mississippi corporation, with a principal place of business located at 5002 Highway West, Jackson, Mississippi 39209. *See* **Exhibit B**, at ¶ 3. Defendants have never transacted, nor are currently transacting, any business in the State of New

York, other than their involvement in the current litigation and the related Underlying Action. *See* **Exhibit B**, at ¶¶ 5 and 10. Defendants have never maintained, nor are they currently maintaining, an office in the State of New York. *See* **Exhibit B**, at ¶¶ 4 and 11. Defendants have never owned, nor are they currently the owners of, a bank account or any other property in the State of New York. *See* **Exhibit B**, at ¶¶ 6 and 12.

When Defendants purchased the insurance policies at issue from Plaintiff, both Defendants were physically located in the State of Mississippi. *See* **Exhibit B**, at ¶ 16. Any communication with brokers and Plaintiff occurred through their offices in Mississippi. *Id*. The issued endorsements are all Mississippi endorsements. *Id*. Defendants believed that their insurance policies are governed by Mississippi law. *Id*.

## ARGUMENTS

**I.      PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(b)(2), FOR THE FAILURE TO OBTAIN PERSONAL JURISDICTION OVER EITHER DEFENDANT.**

Plaintiff fails to set forth any facts which tend to show (and fails to allege) any basis upon which there exists personal jurisdiction over either Defendant. Pursuant to Fed. R. Civ. P. l2(b)(2), a plaintiff bears the burden establishing that a court has personal jurisdiction over a defendant. *Thomas v. Ashcroji*, 470 F.3d 491, 495 (2nd Cir. 2006) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."); *see also Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 507 (2nd Cir.1994). In doing so, the plaintiff in the action must make a prima facie showing of jurisdiction. *Jazini v. Nissan Motor Co*.,148 F.3d 181, 184 (2nd Cir. 1998).

A prima facie showing of jurisdiction means that plaintiffs must plead in good faith sufficient allegations of facts which, if true, are legally sufficient in themselves to establish jurisdiction. *Id*. at 184.   Conclusory allegations are not sufficient. *Katiroll Co. v. Kati Roll & Platters, Inc.*, 2010 U.S. Dist. LEXIS 70977, at *5 (S.D.N.Y. July 9, 2010), citing *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003), *aff'd* 355 F.3d 206 (2nd Cir. 2004); see also *Wickers Sportswear, Inc. v. Gentry Mills, Inc*., 411 F. Supp. 2d 202, 207 (E.D.N.Y. 2006). lf a plaintiff fails to make the requisite showing, the court may dismiss the claims. *See Jazini*, 148 F.3d at 184.

In the present action, Plaintiff has alleged that "[P]ersonal jurisdiction is appropriate as to all parties, as all Defendants are currently engaged in litigation before this Court in the Underlying Action." *See* Complaint, Docket No. 1, at ¶ 12.   But (1) federal courts in this district considering Declaratory Judgment actions brought regarding an insurance policy do not treat personal jurisdiction in an underlying action to be dispositive of the issue, (2) even if a court's personal jurisdiction over Defendants in the Underlying Action was dispositive of the issue, the court in that matter has yet to conclusively establish that such jurisdiction exists, and (3) this Court lacks any other basis for a finding of Personal Jurisdiction over either Defendant.

A.      **The Underlying Action in this case does not, on its own, confer personal jurisdiction over the Defendants in this case.**

Plaintiff's complaint incorrectly asserts that "[P]ersonal jurisdiction is appropriate as to all parties, as all Defendants are currently engaged in litigation before this Court in the Underlying Action. As this suit seeks judicial determination as to whether there is coverage under the Policies for Business Moves, this Court has specific jurisdiction over this declaratory judgment action."  *See* Complaint, Docket. No. 1, at ¶ 12.

8

That is not the law.  Courts have held that participation in another litigation—related or unrelated—does not, alone, confer personal jurisdiction.  *See, e.g.*, *Gulf Ins. Co. v. Caldor Corp.*, 2006 U.S. Dist. LEXIS 38136, at *17 (S.D.N.Y. June 7, 2006) (finding that Defendant's *"*hiring of counsel and appearances in the Bankruptcy Court d[id] not impair their defense of lack of personal jurisdiction."); *Am. Cas. Co. v. River's Edge Pharm., LLC,* No. SA-05-CA-525-FB, 2006 U.S. Dist. LEXIS 67507, at *37-38 (W.D. Tex. Jan. 9, 2006) (finding no personal jurisdiction where an insurer brought suit for a declaratory judgment in the same jurisdiction as an underlying tort action that prompted the coverage dispute, and "the Court did find not any allegation by the plaintiffs in this case of tortious conduct by River's Edge except for reference to the underlying […] litigation," because "participation in litigation without more is insufficient to support jurisdiction."); *Lans v. Adduci Mastriani & Schaumberg L.L.P.*, 786 F. Supp. 2d 240, 275-76 (D.D.C. 2011) ("Defendants' participation in litigation-related activities alone also does not subject Delphi to personal jurisdiction in the District of Columbia.").

It also bears noting that the issue of personal jurisdiction has not been specifically adjudicated by the court in the Underlying Action.  Defendants were advised by their attorneys in that Action that they had a strong argument to contest the issue of personal jurisdiction, and the plaintiff's allegations of jurisdiction over the Defendants were denied in Defendants' answer. A copy of the answer in the Underlying Action is attached as **Exhibit C** hereto, *see* ¶¶ 12-14. However, for various reasons Defendants' counsel in that Action have not yet filed a motion contesting personal jurisdiction (although it has not been waived).  Accordingly, personal jurisdiction has not been definitely established and/or resolved by the court in that Action.

Moreover, in this case, Hiscox has heretofore played an active role in defending the underlying action, and their influence has played a part in the Defendants' decision to not yet

challenge jurisdiction in this district for that lawsuit.  They should not be now permitted to turn this against Defendants and claim that they have waived the right to challenge jurisdiction in New York because of litigation decisions that they worked to control. *Cf. Prime Ins. Co. v. LoCastro & Assocs., Inc.*, 170 F. Supp. 2d 786 (N.D. Ohio 2001) (finding no jurisdiction in declaratory judgment action against corporate Defendant based on its being sued in the same district for the underlying claim that prompted the coverage dispute, and noting that "[f]or an insurance company to cause an appearance to be filed where there is no jurisdiction over its insured, and thereafter to turn that appearance against the insured to force it to litigate in a forum where otherwise it could not be sued verges on bad faith.").

### B.  This Court lacks any other basis for personal jurisdiction over Defendants.

A federal court generally may exercise personal jurisdiction to the same extent as courts of general jurisdiction of the state in which the federal court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *see, e.g.*, *JP Morgan Chase Bank, N.A. v. Law Office of Robert Jay Gumenick, P.C.*, 2011 U.S. Dist. LEXIS 46319, at *10-12 (S.D.N.Y. Apr. 21, 2011). In a diversity action personal jurisdiction is determined by the law of the forum in which the federal court sits. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir. 1985).

When determining personal jurisdiction, District Courts in the Second Circuit "must conduct a two-part analysis, looking first to the state's long-arm statute and then analyzing whether jurisdiction comports with federal due process." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001). Additionally, "the Court inquires whether there is personal jurisdiction […] under principles of New York law, based either on general jurisdiction […] or specific jurisdiction. *Overseas Ventures, LLC v. Row Management, Ltd.*, 2012 U.S. Dist. LEXIS 159097, at *10 (S.D.N.Y. Oct. 26, 2012) (citing

CPLR §§ 301, 302). In the case at bar, the Plaintiff will be unable to establish either specific or general jurisdiction.

          1.   **Plaintiff Cannot Establish General Jurisdiction Under CPLR 301**

     "A foreign corporation is amenable to suit in New York Courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77 N.Y.2d 28, 33 (1990) (internal citations omitted). The test for "doing business" means the Court, based on the facts, is able to say that "the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Id.* at 34 (internal citations omitted). Plaintiff cannot satisfy CPLR 301 in the present case.

     The Plaintiff bases its jurisdictional contentions on allegations that are based on an underlying litigation. *See* Complaint, Docket. No. 1, at 12. Courts in this District interpreting New York's jurisdictional bases have found that this does not constitute "doing business." *See, e.g., Gulf Ins. Co. v. Caldor Corp.*, 2006 U.S. Dist. LEXIS 38136, at *17 (S.D.N.Y. June 7, 2006). Otherwise, Plaintiff's do not allege any activity that might constitute "doing business" in New York, and neither Defendant does business in New York with a fair measure of permanence or continuity. *See* **Exhibit B**, at ¶ 13. Both Defendants reside in Mississippi; do not keep offices in New York; have no bank accounts in New York; and do not regularly do business in New York. *See* **Exhibit B**, at ¶¶ 3-13. Any relationship that Defendants have had with New York has been casual, momentary, unregulated, and minimal.

          2.   **Plaintiff cannot establish Personal Jurisdiction under New York's long-arm statute.**

Pursuant to New York Civil Procedure Law and Rules ("CPLR") § 302(a), New York's long-arm jurisdiction statute, "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary […] who in person or through an agent:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortuous act within the state […]; or
>
> (3) commits a tortuous act without the state causing injury to any person or property within the state […]., if he
>
>> (i) regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possess any real property situated within the state.

CPLR § 302(a).

Aside from the incorrect assertion that participation in the Underlying Litigation confers personal jurisdiction, the Complaint is completely devoid of any grounds upon which personal jurisdiction is invoked over either Defendant. Plaintiff concedes that Bordenave is a non-domiciliary of New York State, being "an individual residing in Dallas, Texas, with his domicile in Texas" (although Bordenave recently returned to Mississippi with the intent to remain there indefinitely). *See* Complaint, Docket. No. 1, at ¶ 9. Plaintiff also concedes that Business Moves Consulting is a non-domiciliary of New York State, being "a Mississippi registered corporation with its principal place of business and domicile in Mississippi"

"Absent a specific grant of jurisdiction, the reach of a federal district court's personal jurisdiction is coterminous with that of the personal jurisdiction of a court of general jurisdiction

in the state in which the court sits." *Geller Media Management, Inc. v. Beaudreault*, 910 F. Supp. 135, 137 (S.D.N.Y. 1996), citing Fed. R. Civ. P. 4(k)(l)(A).

Nowhere in the Complaint does the Plaintiff delineate the basis upon which jurisdiction was purportedly obtained over the Defendants, but (as detailed below) Plaintiff has failed to allege or set forth any factual basis upon which to invoke long-arm jurisdiction over either of the Defendants.

### a.   Plaintiff Cannot Establish Jurisdiction Under CPLR 302(a)(1)

To determine whether personal jurisdiction exists under CPLR 302(a)(1), a court must determine "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether [the] cause of action "aris[es] from" such a business transaction.'" *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 334 (2012) (internal citations omitted). The Court of Appeals has interpreted the second prong to require an "articulable nexus" or "substantial relationship" between the defendant's business transaction and the claim that is asserted. *Id.* at 339; *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988). Even though the Court of Appeals has consistently held that "causation is not required," the standard implies "at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former […]" *Licci*, 20 N.Y.3d at 334. "[W]here at least one element arises from the New York contacts, the relationship between the business transaction and the claim asserted supports specific jurisdiction under the statute." *Id.* at 341. However, "jurisdiction is not justified where the relationship between the claim and transaction is too attenuated." *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005) (internal citations omitted).

13

As above, the Plaintiff's attempt to find a basis for personal jurisdiction over Defendants based on their appearance in the Underlying Action is not sufficient for jurisdiction under CPLR 302(a)(1). *Gulf Ins. Co. v. Caldor Corp.*, 2006 U.S. Dist. LEXIS 38136, at *14-17 (S.D.N.Y. June 7, 2006) (Defendants' "hiring of counsel and appearances in the Bankruptcy Court do not impair their defense of lack of personal jurisdiction in this separate action."); *E-Z Bowz, LLC v. Prof'l Prod. Research Co.*, 2003 U.S. Dist. LEXIS 15256, No. 00 Civ. 8670 (LTS) (GWG), 2003 WL 22064259, at *8 (S.D.N.Y. Sept. 5, 2003) ("there was no business transaction--let alone a 'New York business transaction'" in attorney's court-related activities).

Further, Courts have held that in an insurance dispute related to another underlying jurisdiction, the "business transaction" at issue is not the activity that gave rise to the underlying litigation, but rather that transaction by which the insurance policy was obtained.  In *Gulf,* for example, the only basis the Plaintiff offered for "its argument that section 302 applies" were its activities in an underlying proceeding, "and their hiring of New York counsel in that connection." *Id.*  The court found that it was "a stretch to characterize the [Defendant's] activities" in the underlying action as "transacting business" in New York.  It held that there was an insufficient basis for personal jurisdiction because the Defendant's activities in the underlying action "did not give rise to [Plaintiff's] claims in this case, which grow out of [Plaintiff's] relationship with [Defendant]. Because Plaintiff's contractual arrangements with Defendant— namely, an insurance policy—"took place and were in effect long before the [plaintiff in underlying action's] claim against [Defendant] arose," there was no nexus between the Defendants and New York that related to the action at bar. *Id.*; *see also Andersen v. Sun Life Assurance Co.*, 2015 U.S. Dist. LEXIS 192551, at *7 (S.D.N.Y. Nov. 13, 2015) (no personal jurisdiction over insurer because insurer's contractual relationship with the insured was

14

undertaken in another state, and insured could not otherwise "establish that it conducted business or contracted to provide services in New York as required by the New York long arm.").

In other words, Plaintiff cannot rely on the advertising activities that form the alleged basis for jurisdiction in the Underlying Action. Instead they must look to how the insurance policy at issue was obtained. And in this case the Policies were obtained through interactions and business activities entirely outside of New York. *See* **Exhibit B**, at ¶ 16 ("When we purchased our insurance policies from Hiscox, we were physically located in Mississippi and we communicated with any brokers and with Hiscox from our offices in Mississippi. The issued endorsements are all Mississippi endorsements. It is my understanding that the policy is governed by Mississippi law, and Hiscox has acknowledged the same in correspondences with our employees and officers."). As a result, the Plaintiff fails to satisfy CPLR 302(a)(1).

### b. Plaintiff Cannot Establish Jurisdiction Under CPLR 302(a)(2).

The Plaintiff cannot establish jurisdiction under CPLR 302(a)(2), which extends jurisdiction to claims that arise from the commission of tortious acts occurring *within* the state. *Id.* This provision has been interpreted by the Court of Appeals to require that the defendant bephysically present in New York when committing the tort. *See Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (internal citation omitted). Here, the Plaintiff will not be able to establish this prong, nor has it alleged so. Therefore, Plaintiff has failed to satisfy CPLR 302(a)(2).

### c. Plaintiff Cannot Establish Jurisdiction Under CPLR 302(a)(3).

CPLR 302(a)(3) extends jurisdiction to him or her who "commits a tortious act without the state causing injury to person or property within the state […] if he [or she] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial

revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce […]"

In this matter the Plaintiff will not be able to satisfy CPLR 302(a)(3) for the same reason that the Plaintiff is unsuccessful in satisfying CPLR 301 and 302(a)(1). *See, e.g., Gulf Ins. Co. v. Caldor Corp.*, 2006 U.S. Dist. LEXIS 38136, at *14-17 (S.D.N.Y. June 7, 2006) (finding lack of personal jurisdiction over Defendants in Declaratory Judgment action brought by insurer because the Defendant's activities in the underlying action "did not give rise to [Plaintiff's] claims in this case, which grow out of [Plaintiff's] relationship with [Defendant]" which was an insurance policy purchased long before the events giving rise to the underlying action took place."). Therefore, the Plaintiff will also be unsuccessful in satisfying CPLR 302(a)(3).

As detailed above, none of these grounds for personal jurisdiction is met here, as to either Defendant. Therefore, the Complaint must be dismissed in its entirety as a matter of law, pursuant to Fed. R. Civ. P. 12(b)(2).

### 3.  **Exercising Jurisdiction would be inconsistent with Due Process.**

The Fourteenth Amendment to the U.S. Constitution extends personal jurisdiction over a defendant in any State with which the defendant has "certain minimum contacts […] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945); *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) (in judging minimum contacts, a court focuses on "the relationship among the defendant, the forum, and the litigation."); *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary

contacts with the forum."). In this matter an assertion of personal jurisdiction over the Defendants would be inconsistent with traditional notions of fair play and substantial justice because the Defendants lack minimum contacts with the State of New York.

Analyzing whether jurisdiction would be inconsistent with traditional notions of due process has two components: (1) the "minimum contacts" test; and (2) the "reasonableness" inquiry. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002). These principles are recognized as general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984).

### a. **Plaintiff cannot establish minimum contacts to comport with Due Process requirements.**

The exercise of general jurisdiction requires that defendant's contacts be so continuous and substantial as to justify subjecting it to the forum's jurisdiction. *Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 476 (1985). Minimum contacts will be found only if the defendant engaged in some act by which it "purposefully avails itself of the privilege of conducting activities within the forum." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (citations omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014) (court may exercise general jurisdiction over a foreign defendant only when defendant's affiliations with the forum State "are so constant and pervasive as to render it essentially at home in the forum state.") (internal citations and quotations omitted).

The *Daimler* decision significantly increased plaintiff's burden in establishing general jurisdiction. *Id.* at 760 ("only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."). This is especially so where a defendant does not reside in nor maintain its principal place of business in the forum. *Id.* at 760 ("the paradigm

forum for the exercise of general jurisdiction is the individual's domicile…"). Here, Defendants do not maintain any presence in New York so as to justify a finding of minimum contacts in this case.

The Supreme Court's recent ruling in *Walden v. Fiore* is instructive. In that case the Supreme Court held that "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." 134 S.Ct. at 1121. It emphasized this "relationship must arise out of contacts that the '*defendant himself*' *creates with the* forum State." *Id.* at 1121-1122 (emphasis added). Further, "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (emphasis added). The Court held it is the defendant's conduct that "must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 1122.

Here, all of Defendants' alleged conduct with the State of New York is simply that of communications with others who reside there, presumably their attorneys in the Underlying Action. This is insufficient contact under *Walden*. The events that would form the operative basis for jurisdiction in a case of this nature occurred in Mississippi—where Defendants reside and where the insurance policy was entered into. *See* **Exhibit B**, at ¶ 16. Furthermore, even if Plaintiff can establish that Defendants do have business contacts with New York, Plaintiff cannot establish the necessary "substantial connection" and "minimum contacts" to satisfy due process for general jurisdiction for the several reasons stated already.

          b.  **Plaintiff cannot meet the burden to show the reasonableness of the Court's exercise of jurisdiction in this case.**

The Second Circuit analyzes whether the claims are related to or arise out of defendant's contacts with the forum such that an exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Bank Brussels*, *supra*, 305 F.3d at 128 (citations omitted). Applicable factors include: (1) the burden jurisdiction will impose on the defendant; (2) the forum state's interests in adjudicating the case; and (3) plaintiff's interest in obtaining convenient, effective relief. *Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996).

Here, it would be extremely burdensome on both the parties if this Court were to exercise jurisdiction over them. Plaintiff resides here in New York, while Defendants are located in Texas and Mississippi. There will be a substantial burden on Business Consulting if its president, Mr. Bordenave, and other officers and directors are compelled to leave their responsibilities unmanaged for regular travel to New York. To the extent Plaintiff is entitled to relief, other venues for that litigation exist, namely Mississippi, the law of which will likely govern the Court's interpretation of the Policies at issue. *See* **Exhibit B**.

Because exercising jurisdiction over Defendants would pervert traditional notions of fair play and substantial justice, this Court should dismiss this action with prejudice.

**II.**    **PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(B)(2), BECAUSE PLAINTIFF BROUGHT THIS ACTION IN AN IMPROPER VENUE.**

Under 28 U.S.C. 139l(b), venue is proper: (l) in a judicial district in which any defendant resides, if all defendants are residents of the State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Complaint correctly states that neither Defendant is a resident of New York, thus venue must be proper either: (1) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district, (28 U.S.C. 139l(b)(2)), or; (2) because "there is no district in which an action may otherwise be brought as provided in this section" and the Defendants are subject to this Court's personal jurisdiction with respect to such action (28 U.S.C. 1391(b)(3)). Neither basis applies here: in a Declaratory Judgment regarding an insurance policy, federal courts in this district and elsewhere usually find that the relevant "events or omissions giving rise to the claim" are the negotiation and purchase of the policy at issue, and the location of the insured, not the alleged torts that gave rise to an underlying action which the insurer may have to defend or indemnify.  As detailed above, this Court does not have personal jurisdiction over either Defendant with respect to this action, and the only proper venue is in Mississippi.

### A. Mississippi is the only proper venue under 28 U.S.C. 139l(b)(2) because that is where the policy was entered into and where the insured resides.

An analysis of proper venue for purposes of a motion to dismiss depends in part on the analysis of 28 U.S.C. § 1404(a), because if venue is improper, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to a district or division in which it could have been brought." 28 U.S.C. § 1406(a) (quoted in *GMAC Commer. Credit v. Dillard Dep't Stores*, 198 F.R.D. 402, 405 (S.D.N.Y. 2001)).  § 1404(a) provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer pursuant to this

section is governed by a two-part test: (1) whether the action to be transferred is one that "might have been brought" in the district to which the movant seeks to have it transferred; and (2) whether the convenience of parties and witnesses and the interests of justice favor transfer. *See Flaherty v. All Hampton Limousine Inc.*, 2002 U.S. Dist. LEXIS 15171, at *3 (S.D.N.Y. August 16, 2002); *American Alliance Ins. Co. v. Sunbeam Corp.,* 1999 U.S. Dist. LEXIS 713, at *10 (S.D.N.Y. Jan 28, 1999).

An action "might have been brought" in another forum if that forum had personal jurisdiction over the defendants at the time the action was commenced and if venue properly lies there. Courts in this Circuit consider several factors in assessing the balance of convenience and fairness: (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *See, e.g., Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109, at *5-6 (S.D.N.Y. Oct. 21, 2002).

"When determining the locus of operative facts in a declaratory judgment action concerning the interpretation of an insurance policy contract, this Court has considered where the insurance contract was made." *Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109, at *9 (S.D.N.Y. Oct. 21, 2002); *see also Avemco Ins. Co. v. GSF Holding Corp.*, 96 CIV. 8323 (LAP), 1997 U.S. Dist. LEXIS 13716, at *1 (S.D.N.Y. Sep. 5, 1997). In *Avemco* the Court granted the defendant's motion to transfer the declaratory judgment action to New Jersey in part because the Court found that the locus of operative facts existed in that

state, since the insurance policy at issue arose as a result of telephone conversations made in New Jersey and correspondence sent and received in New Jersey. *See id; see also Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 436-37 (S.D.N.Y. 2018) ("[C]ourts generally find that the site of the loss is irrelevant in determining the locus of operative facts in an insurance coverage.") (citing *Royal*). Moreover, the action in *Avemco* presented insurance coverage issues that would likely have been decided under New Jersey contract law.

Similarly, in this case the Defendants were in Mississippi when they purchased the Policies in dispute, and Mississippi law governs those policies.  In this case the "site of loss" w in the Underlying Action is irrelevant to determining the locus of operative facts.  Without that, all other factors—except perhaps the convenience of the Defendants—weigh in favor of transfer or dismissal.

### B.   This District is not proper under 28 U.S.C. 139l(b)(3) because this court lacks jurisdiction over both Defendants and because there is a statutory basis for venue in other districts.

For the reasons stated above, personal jurisdiction does not exist over either Defendant in New York, despite their decision to participate in the Underlying Action thus far. In addition, the defendants herein are not residents of New York State, with the plaintiff expressly conceding that Bordenave is a resident of Texas (although he recently moved back to Mississippi) and Business Moves is a domiciliary of Texas and Mississippi. *See* **Exhibit B**, at ¶¶ 3 and 7-8.

Based upon the foregoing, Plaintiff's Complaint must be dismissed in its entirety as a matter of law, pursuant to Fed. R. Civ. P. l 2(b)(3), based upon improper venue.

### C.   Dismissal is also required by the doctrine of Forum *non Conveniens*.

The doctrine of Forum *non Conveniens* provides district courts with the discretion to decline jurisdiction in favor of a more convenient forum. *See, e.g., Sinochem Int'l Co. Ltd. v.*

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). Indeed, it authorizes a court to decline jurisdiction even where proper venue is established, provided the interests of justice indicate the action should be tried elsewhere. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251 (1981); *see also Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp.2d 729, 730 (S.D.N.Y. 1998) (setting forth factors a court should consider to determine whether a transfer is appropriate favor transfer.); 28 U.S.C. § 1404(a).

> To prevail on a motion to dismiss on the ground of *forum non conveniens*, a defendant must demonstrate (1) that there exists an adequate alternative forum, and (2) that the ordinarily strong presumption favoring the plaintiff's chosen forum is overcome by a balance of the relevant factors of private and public interest weighing heavily in favor of the alternative forum.

*Aguinda v. Texaco, Inc.*, 142 F. Supp.2d 534, 538 (S.D.N.Y. 2001) (citations removed).

## 1. **An Alternative Forum is Adequate to Resolve this Dispute**

An alternative forum "ordinarily…will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.'" *Aguinda*, 142 F. Supp. At 539. Such forum is the District of Mississippi, where Defendants reside and operate their business, and because Mississippi law will govern the Court's interpretation of the Policies at issue.

## 2. **Public and private interest weigh heavily in favor of an alternative venue.**

The Supreme Court provided a non-exclusive list of private interest factors to consider in determining whether the Forum *non Conveniens* doctrine should be applied. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Those are: (1) the relative ease of access to sources of proof; (2) the availability of witnesses, including a process for compelling attendance by unwilling witnesses, and the cost of attendance for willing witnesses; (3) the parties' availability to view a case-specific location that bears on the evidence; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* These factors have been applied by the

23

Second Circuit and by this Court. *See, e.g.*, *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996 (2d Cir. 1993). These factors weigh in favor of resolution in the district where Business Moves does business and where Curtis Bordenave resides.

A review of the public interest factors set forth in *Gilbert* leads to a similar conclusion. These include: (1) the familiarity of the courts with the governing law; (2) the interest of any foreign nation in having the dispute litigated in its own courts; and (3) the value of having local controversies litigated locally. *Gulf Oil v. Gilbert*, *supra*, 330 U.S. at 508-09 ("[J]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."). In cases which touch the affairs of persons in an alternate forum, "there is [ample] reason for holding the trial in their view and reach rather than in remote parts of the [world] where they can learn of it by report only." *Id.* at 509.  Because the Policies at issue will be governed by Mississippi law, public interest considerations weigh in favor of resolution in that district.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice or transferred to the District of Mississippi.

New York, New York
Dated: February 5th, 2019

/s/ T. Bryce Jones, Esq.
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
bryce@joneslawnyc.com
*Attorneys for Defendants*