UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HISCOX INSURANCE COMPANY, INC.                    1:18-CV-10222-PAE


                              Plaintiff,


              -against-


CURTIS BORDENAVE, BUSINESS MOVES
CONSULTING, INC. dba BUSINESS MOVES,

                              Defendants.
-----------------------------------------------------------------------X


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS AND IN FURTHER SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST BUSINESS MOVES

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ....................................................................................... 2

LEGAL ARGUMENT ............................................................................................. 5

I.   Hiscox's Default Judgment Motion Against Business Moves is Meritorious ....................... 5

II.  Defendants Have Waived any Potential Personal Jurisdiction Defense .............................. 7

    A.   Defendants Have Waived Any Possible Personal Jurisdiction Defense by Appearing in this Action ................................................................... 7

    B.   Defendant Business Moves Waived Any Alleged Personal Jurisdiction Defense by Appearing in this Action to Oppose Plaintiff's Motion for Default Judgment ..................................................................................... 8

    C.   Defendants Have Appeared in and are Actively Litigating in the Underlying Action in the Southern District of New York ...................................... 9

III. This Court Has Personal Jurisdiction Over Defendants ...................................... 10

    A.   This Court has Personal Jurisdiction Over the Defendants Pursuant to New York CPLR Section 302 ................................................................ 11

    B.   This Court's Jurisdiction over Defendants Satisfies All Due Process Requirements ..................................................................................... 14

IV.  This Case Should Not be Dismissed for Improper Venue ................................... 16

V.   This Case Should Not be Dismissed Based on Forum Non Conveniens ................. 16

CONCLUSION ..................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996)................................................................................14, 15

*Admiral Ins. Co. v. Briggs*,
    No. 3:02-CV-0310-P, 2002 WL 1461911 (N.D. Tex. July 2, 2002) ......................14

*Allstate Life Ins. Co. v. Linter Group Ltd.*,
    994 F.2d 996 (2d Cir. 1993)...................................................................................17

*Arrowsmith v. United Press Internat'l*,
    320 F.2d 219 (2d Cir. 1963)...................................................................................11

*Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*,
    918 F. Supp. 2d 243 (S.D.N.Y.), *aff'd sub nom. Atl. Cas. Ins. Co. v.*
    *Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013) ...........................................6

*Catsimatidis v. Innovative Travel Group, Inc.*,
    650 F. Supp. 748 (S.D.N.Y. 1986) ........................................................................12

*City of New York v. Mickalis Pawn Shop, LLC*,
    645 F.3d 114 (2d Cir. 2011)................................................................................7, 9

*Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex–*
    *Exploración Y Producción*,
    832 F.3d 92 (2d Cir. 2016)..................................................................................7, 8

*Datskow v. Teledyne, Inc., Continental Products Div.*,
    899 F.2d 1298 (2d Cir. 1990)..................................................................................9

*DiRienzo v. Philip Services Corp.*,
    294 F.3d 21 (2d Cir. 2002).....................................................................................16

*Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*,
    No. 97 CIV. 2262 (MBM), 2000 WL 284222 (S.D.N.Y. Mar. 16, 2000) ..............10

*Evanston Ins. Co. v. Honso USA, Inc.*,
    No. C 10-05596 WHA, 2011 WL 1362071 (N.D. Cal. Apr. 11, 2011)............13, 15

*Greenwood v. Mesa Underwriters Specialty Ins. Co.*,
    179 So. 3d 1082 (Miss. 2015).................................................................................16

*Gulf Ins. Co. v. Caldor Corp.*,
    No. 03 CIV. 2894 (LLS), 2006 WL 1586571 (S.D.N.Y. June 9, 2006)..................13

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501, 508 (1947) ................................................................................................16

*Hamilton v. Atlas Turner, Inc.*,
    197 F.3d 58 (2d Cir. 1999) ..............................................................................................10

*Hsin Ten Enter. USA, Inc. v. Clark Enter.*,
    138 F. Supp. 2d 449 (S.D.N.Y. 2000) .............................................................................12

*I.L.G.W.U. Nat'l Retirement Fund v. Meredith Grey, Inc.*,
    986 F. Supp. 816 (S.D.N.Y. 1997) ....................................................................................8

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
    456 U.S. 694 (1982) ...........................................................................................................7

*Manu Int'l, S.A. v. Avon Products, Inc.*,
    641 F.2d 62 (2d Cir. 1981) ..............................................................................................18

*Massachusetts Bay Ins. Co. v. Portland Water Dist.*,
    No. CIV. 99-487-M, 2000 WL 1499493 (D.N.H. May 10, 2000) ...........................................12

*Mattel, Inc. v. Barbie-Club.com*,
    310 F.3d 293, 307 (2d Cir. 2002) ......................................................................................7

*MMT Sales, Inc. v. Channel 43, Inc.*,
    92 Civ. 7207, 1993 WL 541242 (S.D.N.Y. Dec. 27, 1993) ...........................................10

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston
    Metroplex, P.A.*,
    623 F.3d 440, 443 (7th Cir. 2010) .....................................................................................7

*Motown Record Co., L.P. v. Motown Beverage Co. of Ohio*,
    165 F.3d 14 (2d Cir. 1998) ................................................................................................9

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, P.L.C.*,
    No. 03 Civ. 0200 (GEL), 2003 WL 21180421 (S.D.N.Y. May 20, 2003) .............................18

*Pennsylvania Lumbermens Mut. Ins. Co. v. Forman's of Orchard Street, Inc.*,
    96 Civ. 0508, 1998 WL 241963 (S.D.N.Y. May 14, 1998) .............................................7

*Roberts Gordon, LLC. v. Superior Radiant Products, Ltd.*,
    85 F. Supp. 2d 202 (W.D.N.Y. 2000) .........................................................................12, 14

*Snow Becker Krauss P.C. v. Proyectos E Instalaciones de Desalacion, S.A.*,
    No. 92 CIV. 2644 (LMM), 1994 WL 464221 (S.D.N.Y. Aug. 26, 1994) ...........................11

*Trustees of Central Laborers' Welfare Fund v. Lowery*,
    924 F.3d 731, 733 (7th Cir. 1991) .....................................................................................8

LEGAL\40031346\4

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016)......................................................................10

*Wiwa v. Royal Dutch Petroleum Co.*,
    226 F.3d 88 (2d Cir. 2000)..................................................................16, 17

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)...............................................................................15

*Young & Rubicam, Inc. v. Casey*,
    1994 WL 471568 (S.D.N.Y. Aug. 31, 1994)..........................................17

**Statutes**

28 U.S.C. 1391(b)(2) ...............................................................................16

28 U.S.C. § 2201.........................................................................................2

**Other Authorities**

CPLR Section 302......................................................................................11

CPLR § 302(a)(1) ......................................................................................11

Fed. R. Civ. P. 12(h)(1)...............................................................................9

https://www.businessmovesbrands.com/shop................................................3

LEGAL\40031346\4

Plaintiff, Hiscox Insurance Company, Inc. ("Hiscox"), by and through its counsel, Cozen O'Connor, respectfully submits this Memorandum of Law in Opposition to Defendants' Cross-Motion to Dismiss and in further support of its Motion for Default Judgment.

## PRELIMINARY STATEMENT

On February 5, 2019, after appearing before this Court multiple times in this action and while also actively participating in litigation in the underlying action in this same Court, Defendants Curtis Bordenave and Business Moves Consulting, Inc. d/b/a Business Moves ("Business Moves") (together, "Defendants") filed a Motion to Dismiss, claiming the Southern District of New York does not have personal jurisdiction over them. On the very same day, Business Moves also filed a substantive opposition to Hiscox's currently pending Motion for Default Judgment.

Contrary to Defendants' assertions, this Court has personal jurisdiction over them and they have waived any possible jurisdictional defense in any event. Defendants concede that they have already appeared in this case, and they have sought relief from this Court by requesting numerous extensions of time to answer or otherwise plead (and subsequently choosing to ignore the extended deadlines the Court granted). Business Moves further concedes this Court has jurisdiction in asking it to vacate the default against it. The underlying action, which is the focus of this declaratory judgment action, involves allegations of tortious conduct within this District as a result of Defendants' business activities in New York. Defendants have appeared in that case, thereby acknowledging that the Court has personal jurisdiction over them for the issues involved in these two cases. Moreover, Defendants conduct business within this State via their website which markets, advertises and sells products to New York consumers. Defendants have more than minimum contacts with New York, and the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

1

Further, there is no basis to decline jurisdiction based on *forum non conveniens*. Defendants have found it sufficiently convenient to litigate the underlying action in this Court, and this related declaratory judgment action is not any different. This matter involves a legal interpretation of the Hiscox insurance policy as compared with the complaint in the underlying action in order to determine whether Hiscox has a duty to defend. There are no witnesses to be heard or issues of fact to be determined. The legal issue of a current duty to defend is ripe for adjudication and Hiscox expects that it will be in a position to immediately file a summary judgment motion upon resolution of these issues.

Hiscox respectfully requests that this Court deny Defendants' cross-motion for the reasons discussed herein.

## STATEMENT OF FACTS

This action was commenced on November 2, 2018 pursuant to 28 U.S.C. § 2201 seeking a declaration that Plaintiff does not owe a defense or indemnification for an underlying trademark infringement lawsuit pending against Defendants in this District (the "Underlying Action"). *See* Declaratory Judgment Complaint, Doc No. 1. In sum, in the Underlying Action, Defendants have been sued by Khaled M. Khaled and ATK Entertainment, Inc. (together, "DJ Khaled") for trademark infringement. *See* Underlying Action Complaint, Doc. No. 1-5. DJ Khaled claims that Defendants have "intentionally targeted Khaled and his son by using and applying to register the trademarks ASAHD, ASAHD COUTURE, A.S.A.H.D. A SON AND HIS DAD and WE THE BEST LIFESTYLE in connection with purported clothing and magazine publishing businesses, and by using Plaintiff Khaled's name and performing name as hashtags to direct internet traffic to Defendant's products." *See id.* at ¶3. DJ Khaled alleges solely intentional conduct arising entirely from alleged trademark infringement. *See id*. In the Underlying Action, DJ Khaled contends that Defendants "regularly do and solicit business within the State of New York; have engaged in

2

conduct outside this state causing injury within this judicial district and state, including without limitation their dissemination of defamatory statements about Plaintiff ATK to one or more New York corporations, have engaged in conduct, including, but not limited to, the marketing, promotion, advertising and sale of products, in this judicial district, causing injury within this district and within the State; have derived substantial revenues from services advertised, promoted, marketed, sold and/or offered for sale within this district and State; and have and should have reasonably expected their acts, including, but not limited to, the marketing, promotion, advertising, sale and/or offering for sale of services in violation of [DJ Khaled's] rights and the making of defamatory statements in violation of Plaintiff ATK's rights under New York law to have consequences within this district and within the State, including, but not limited to, the harm suffered by [DJ Khaled] complained of herein." *See id.* at ¶13. DJ Khaled has asked this Court to bar Defendants from using the trademarks and to force them to withdraw certain trademark applications. He also seeks damages and any profits Defendants made off the infringing marks. Business Moves is an online retailer and its website is accessible to New York customers. *See* https://www.businessmovesbrands.com/shop.

Hiscox issued a commercial general liability insurance policy to Business Moves,[1] which also includes Mr. Bordenave as an insured but only with respect to his duties as a Business Moves officer or employee. *See* CGL Policy, Doc. No. 1-1. Hiscox has agreed to provide a legal defense to the Defendants against the Underlying Action subject to an express reservation of rights, until such time as it obtains a judicial declaration that it does not owe any duty to defend or indemnify.[2]

---

[1]Hiscox also issued certain professional liability policies that do not afford coverage for this matter; a position that Defendants have never challenged.

[2]Hiscox expressly objects to the representation by Defendants that Hiscox has somehow agreed that the Underlying Action is "covered" by the CGL Policy. At all times, Hiscox has maintained a reservation of rights to deny coverage to the extent the Underlying Action may not be covered. *See* Affidavit of Mack Charles Pampley III, Exhibit A.

On August 13, 2018, Defendants (who were represented by independent counsel of their choosing at the time) filed an Answer in the Underlying Action and have not filed any motion challenging this Court's personal jurisdiction. *See* Underlying Action (Case No. 1:18-cv-05187), Doc. No. 18. Since that time, Defendants have been actively litigating before this Court, including personally appearing for a settlement conference.

While it continues to provide Defendants with a defense to the Underlying Action under a reservation of rights, Hiscox has sought a declaration that there is no duty to defend or indemnify based on a comparison of the Underlying Action complaint with the terms and exclusions of the Hiscox CGL Policy. Business Moves was served with this lawsuit on November 9, 2018, and Curtis Bordenave was served on November 28, 2018. *See* Affidavits of Service, Doc Nos. 8, 11, respectively. By way of a letter dated November 28, 2018, filed on December 4, 2018 by the Clerk, Business Moves appeared in this case and was granted a 30-day extension of time to answer or otherwise plead because it was searching for counsel. *See* Doc. No. 10. As admitted in its Opposition to Hiscox's Motion for Default Judgment, Business Moves "did appear [in this action] by letter to the Court on November 28, 2018, with a clear intent to participate in this Action." *See* Business Moves' Memorandum of Law in Opposition to Hiscox's Motion for Default Judgment, Doc. No. 37 at p. 5. On January 4, 2019, Business Moves again requested relief from this Court, by way of a further extension of time to find counsel. *See* Doc. No. 19.  The Court granted this request on January 8, 2019 and gave Business Moves until January 22, 2019 to retain counsel. *See* Doc. No. 21. When Business Moves failed to meet this deadline, Hiscox appropriately and timely filed for default. *See* Doc. No. 32. Astonishingly, Business Moves chose not to make any attempt to retain counsel until January 28, 2019, and now asks this Court again for relief by filing an Opposition to Hiscox's Default Judgment motion. *See* Doc. No. 37.

4

Likewise, on December 18, 2018, Defendant Curtis Bordenave appeared in this case and requested a 30 day extension of time to answer or otherwise plead. *See* Doc. No. 12. The Court granted the relief sought on December 20, 2018. *See* Doc. No. 13. On January 16, 2019, Mr. Bordenave again requested more time to respond to the complaint, and the Court granted this request on January 22, 2019. *See* Doc Nos. 24, 27.

Thus, Business Moves has appeared and requested relief from this Court three times: twice demanding extensions of time (and ignoring the deadlines set forth by the Court in response) and again seeking to lift the default and oppose Hiscox's Default Judgment motion. Curtis Bordenave has appeared and requested relief from this Court in twice demanding extensions of time. Having obtained the relief sought on numerous occasions, Defendants now seek to dismiss this case on the grounds that this Court has no personal jurisdiction over them. It is respectfully submitted that this Court has the requisite personal jurisdiction, and Defendants' continued delay tactics should be denied.

## **LEGAL ARGUMENT**

### I.  **Hiscox's Default Judgment Motion Against Business Moves is Meritorious**

As an initial matter, Hiscox understands and acknowledges that default judgments are generally disfavored, and that now that Business Moves has retained counsel on its behalf, the Court may be inclined to lift the default and decide this case on the merits. However, Hiscox must note that its Default Judgement Motion is entirely meritorious and may appropriately be granted. First, Business Moves' default was very clearly willful. The Court granted multiple extensions to Business Moves (and to Curtis Bordenave), and Business Moves brazenly and repeatedly failed to comply with the Court's Orders. Even in Opposition to Hiscox's Motion for Default Judgment, Business Moves fails to point to a single time it attempted to retain counsel before Hiscox filed its motion. Business Moves broadly alleges — without support — that it was "working diligently and

5

tirelessly" to find adequate New York counsel, but cannot explain why, given such efforts, it was unable to find counsel for nearly three months. The New York bar is saturated with adequate counsel, and Business Moves had absolutely no trouble locating New York counsel to provide it with an independent defense in the Underlying Action. Indeed, Business Moves admits that it did not even attempt to contact counsel until January 28, 2019, nearly a week after the deadline and only in response to the motion for Default Judgment. *See* Affidavit of Tanner Bryce Jones, Doc. No. 37-1. Business Moves' default was both willful and deliberate.

To the extent the Court decides to set aside the default and deny Hiscox's Default Judgment motion, Hiscox has no objection to this Court deciding the merits of this case, as it is entirely confident in its coverage position. The Hiscox CGL Policy simply does not afford coverage for claims that arise out of trademark infringement, nor does it afford coverage for intentional conduct, (among other defenses). Business Moves has tellingly ignored *any* reference to policy language or insurance coverage in arguing it has "numerous meritorious defenses." Rather, Business Moves points to its personal jurisdiction/*forum non conveniens* argument, discussed below, and makes vague and unsupported threats of "bad faith." Business Moves also incorrectly claims this matter is somehow not ripe for adjudication. Clearly, the parties have a current and active controversy over whether Hiscox owes a duty to defend. *See Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y.), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013) (CGL insurer's duty to defend and indemnify insured in an underlying action was ripe for adjudication in insurer's declaratory judgment action, even though underlying action had yet to be resolved; insurer was providing insured a defense under a reservation of rights, and determination of its duty to indemnify would not require more extensive fact finding than determination of its duty to defend). These "red herring" issues do not go to the merits of this

declaratory judgment action, and are therefore not meritorious defenses. This Court has an appropriate and well-founded basis to grant Hiscox's separately pending Motion for Default Judgment.

## II.     Defendants Have Waived any Potential Personal Jurisdiction Defense

The requirement of personal jurisdiction, like any individual right, may be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). In determining whether Defendants have waived objections to personal jurisdiction, the Court considers "all of the relevant circumstances." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (*quoting Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002)). Here, Defendants' appearances in this action by letters requesting relief from this Court, Defendants' opposition to Hiscox's motion for default judgment, and Defendants' participation in the Underlying Action have amounted to a submission to the jurisdiction of this Court. Accordingly, Defendants' Motion to Dismiss should be denied.

### A.     Defendants Have Waived Any Possible Personal Jurisdiction Defense by Appearing in this Action

First, any purported personal jurisdiction defense has been waived by the Defendants based on their conduct in this case. The defense may be waived by "failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Pennsylvania Lumbermens Mut. Ins. Co. v. Forman's of Orchard Street, Inc.*, 96 Civ. 0508, 1998 WL 241963, at *2 (S.D.N.Y. May 14, 1998). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex–Exploración Y Producción*, 832 F.3d 92, 102 (2d Cir. 2016) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia*

7

*Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). Whether Defendants have waived jurisdictional objections depends on "the nature and extent of defendants' contacts with the court." *I.L.G.W.U. Nat'l Retirement Fund v. Meredith Grey, Inc.*, 986 F. Supp. 816, 820 (S.D.N.Y. 1997) (quoting *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.3d 731, 733 (7th Cir. 1991)).

Defendants have appeared in this case, engaged in the "voluntary use of certain district court procedures" and sought "affirmative relief" from this Court by filing numerous requests for extensions of time to answer or otherwise plead. *See Pemex*, 832 F.3d at 101. Business Moves admits as much when it states that it "*did appear* by letter to the Court on November 28, 2018 *with a clear intent to participate in this Action*." *See* Business Moves' Opposition to Hiscox's Motion for Default Judgment, Doc. No. 37 at p. 5 (emphasis added). Defendants never advised the Court of any intent to dispute personal jurisdiction when they were making continued demands for extensions of time. These letters to the Court demonstrated — in Defendants' counsel's very own words — an intent to participate in this case in this Court without preserving any jurisdictional defenses, and signaled that Defendants were prepared to defend the suit on the merits. Defendants should not be permitted to take advantage of this Court's goodwill to cause further delay in order to extend the time they will be defended by Hiscox in the Underlying Action.

**B.    Defendant Business Moves Waived Any Alleged Personal Jurisdiction Defense by Appearing in this Action to Oppose Plaintiff's Motion for Default Judgment**

Defendants' counsel filed a Notice of Appearance for both Defendants on January 31, 2019. *See* Doc. No. 35. On February 5, 2019, the same day the Motion to Dismiss was filed, Business Moves filed its Opposition to Hiscox's Motion for Default Judgment. *See* Doc. No. 37 (later re-filed as Doc. Nos. 41-43). In requesting that the Court lift the default and deny Hiscox's motion, Business Moves necessarily concedes that the Court had personal jurisdiction in the first

instance. For the same reasons as discussed above, filing opposition papers to Hiscox's motion is sufficient to deem any personal jurisdiction defense waived. *See Motown Record Co., L.P. v. Motown Beverage Co. of Ohio*, 165 F.3d 14 (2d Cir. 1998) ("As we have made clear, waiver of a challenge to personal jurisdiction may occur due to a party's conduct, as well as its failure to raise the defense in motions or pleading.").

### C.   Defendants Have Appeared in and are Actively Litigating in the Underlying Action in the Southern District of New York

Defendants argue that they be permitted to pick and choose when they will litigate in New York and when they will not, at their whim and convenience. In this case, Defendants have consented to litigation in this forum in the Underlying Action and at the same time object to this Court deciding whether they are entitled to insurance coverage for that very Underlying Action. Defendants' participation in the Underlying Action operates to waive any personal jurisdiction defense in this related insurance coverage action. To hold otherwise would be to effectively permit forum shopping.

Parties that choose to litigate a case actively on the merits surrender the right to object to the lack of personal jurisdiction or improper venue. Defendants claim that although they have not yet filed a motion contesting personal jurisdiction in the Underlying Action, the defense has not been waived. But "it is well established…that a party may consent to a court's jurisdiction in an action by failing to present it as a defense in its first responsive pleading as required by Fed. R. Civ. P. 12(h)(1)." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d at 134. Although Defendants provided a general denial of personal jurisdiction in its Answer in the Underlying Action, and then fully participated in that case for over 6 months without another word about personal jurisdiction. As such, they can no longer assert a personal jurisdiction defense. *Datskow*

*v. Teledyne, Inc., Continental Products Div.*, 899 F.2d 1298 (2d Cir. 1990); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58 (2d Cir. 1999).

Of note, Hiscox did not appoint the defense counsel that is representing Defendants in the Underlying Action. Hiscox originally appointed counsel and, before any answer or responsive pleading was filed, agreed to permit Defendants their choice of independent counsel. It was Defendants' independently chosen counsel that filed the Answer in the Underlying Action and that has been directing the course of litigation from inception, including the failure to file any personal jurisdiction motion. Therefore, Defendants' reference to Hiscox's "control" over the defense is entirely inapposite.

## III.   This Court Has Personal Jurisdiction Over Defendants

Even if this Court were to find that Defendants have not waived their alleged personal jurisdiction defense, this Court nonetheless has personal jurisdiction over both Defendants in this matter. To exercise personal jurisdiction lawfully, three requirements must be met. "First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. Third, the exercise of personal jurisdiction must comport with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). Defendants do not dispute proper service. Rather, they claim only that there is no statutory basis for personal jurisdiction and that jurisdiction would be inconsistent with due process.

"In the preliminary stages of litigation, mere allegations by the plaintiff…are sufficient to establish a prima facie case of personal jurisdiction." *MMT Sales, Inc. v. Channel 43, Inc.*, 92 Civ. 7207, 1993 WL 541242, at *3 (S.D.N.Y. Dec. 27, 1993). "A prima facie case is not defeated by defendant's controverting allegations." *Id.*; *see also Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, No. 97 CIV. 2262 (MBM), 2000 WL 284222 (S.D.N.Y. Mar. 16, 2000) (plaintiffs

10

will prevail even if defendants make contrary allegations that controvert plaintiffs' prima facie case). Accordingly, "[a]bsent an evidentiary hearing, all pleadings and affidavits are construed, and all doubts resolved, in favor of the party asserting personal jurisdiction." *Snow Becker Krauss P.C. v. Proyectos E Instalaciones de Desalacion, S.A.*, No. 92 CIV. 2644 (LMM), 1994 WL 464221, at *2 (S.D.N.Y. Aug. 26, 1994).

## A. This Court has Personal Jurisdiction Over the Defendants Pursuant to New York CPLR Section 302

A federal court sitting in diversity jurisdiction, considering the question of personal jurisdiction, must apply the law of the jurisdiction in which the court sits. *Arrowsmith v. United Press Internat'l*, 320 F.2d 219, 223 (2d Cir. 1963). New York CPLR § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary…who in person or through an agent: transacts any business within the state or contracts anywhere to supply goods or services in the state." Section 302(a)(3) further provides that jurisdiction exists over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state…if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate…commerce." N.Y. CPLR § 302. Defendants are subject to personal jurisdiction pursuant to the aforementioned sections because they transacted business in New York, allegedly engaged in tortious conduct in the State, and now demand insurance coverage for the result of those actions: the Underlying Action pending in this Court.

To maintain personal jurisdiction under Section 302(a)(1), "'transacting business' requires only a minimal quantity of activity, provided that it is of the right nature and quality." *Snow Becker Krauss, supra* at *2 (S.D.N.Y. Aug. 26, 1994) (internal citations omitted). When determining

whether a party has "transacted business" in New York, "courts must look at the totality of the circumstances concerning the party's interactions with, and activities within, the state." *Hsin Ten Enter. USA, Inc. v. Clark Enter.*, 138 F. Supp. 2d 449, 455 (S.D.N.Y. 2000). However, section 302(a)(1) "is a 'single act statute.'" *Roberts Gordon, LLC. v. Superior Radiant Products, Ltd.*, 85 F. Supp. 2d 202, 212-13 (W.D.N.Y. 2000) (citations omitted). "'[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even if the defendant never enters the state, so long as the defendant's activities in New York were purposeful and there is a substantial relationship between the transaction and the claim asserted.'" *Id.*; *see also Hsin Ten Etner. USA, Inc. v. Clark Enter.*, 138 F. Supp. 2d 449, 455 (S.D.N.Y. 2000); *Catsimatidis v. Innovative Travel Group, Inc.*, 650 F. Supp. 748, 751 (S.D.N.Y. 1986).

Personal jurisdiction exists over Defendants in this case for substantially the same reasons that it exists in the Underlying Action; conduct occurred within this District giving rise to the litigation. Defendants are sued in this case based on business conducted within the State of New York, specifically Manhattan. Although Defendants claim they do no business in New York, their website advertises, markets and sells the allegedly infringing goods to customers in New York. Additionally, DJ Khaled alleges that Defendants called one of his clients in New York, specifically threatening them with trademark litigation were they to use certain trademarks Defendants allegedly own. *See* Underlying Action, Doc. No. 1-5 at ¶¶13, 54-57. After Defendants were sued in the Southern District of New York for conduct committed within the Southern District of New York, they demanded Hiscox defend and indemnify them in this District. This is sufficient to confer specific jurisdiction. *See, e.g., Massachusetts Bay Ins. Co. v. Portland Water Dist.*, No. CIV. 99-487-M, 2000 WL 1499493, at *4 (D.N.H. May 10, 2000) ("Thus, this case involves more than merely the interpretation of an insurance contract formed in Maine and an insured with no

contacts with this forum. Instead, this declaratory judgment action arises directly out of PWD's having allegedly disposed of toxic waste in this forum, its having been named as a defendant in the underlying state tort action, and Mass Bay's desire to obtain a judicial determination of its obligations, if any, to provide PWD with a defense in this state and indemnify it for any damages it must pay in the pending tort action."); *Evanston Ins. Co. v. Honso USA, Inc.,* No. C 10-05596 WHA, 2011 WL 1362071 at *5 (N.D. Cal. Apr. 11, 2011) ("Not only is defendant Wen subject to specific personal jurisdiction in California due to his involvement in the business practices at issue in the underlying *Horan* suit, but, moreover, he is subject to specific personal jurisdiction in this coverage action due to his participation in the underlying suit to which our action pertains.").

Defendants' reliance on *Gulf Ins. Co. v. Caldor Corp.*, No. 03 CIV. 2894 (LLS), 2006 WL 1586571 (S.D.N.Y. June 9, 2006) is misplaced. That case did not involve an insurance coverage declaratory judgment action filed in the same forum as the underlying tort action. The only connection to New York in that action was the fact that the insured had filed for Bankruptcy in the Southern District of New York. The underlying personal injury action was brought in New Jersey, and the Court held the subsequent declaratory judgment action should also have been filed in New Jersey. *Id.* at *6 ("The Glasbrenners' activities in the Bankruptcy Court were not done in connection with any issue involved in this case, but with the Glasbrenners' need to salvage their claim against Caldor from being discharged in Caldor's bankruptcy. They did not go to the Bankruptcy Court to 'transact business' with any party, but only to obtain leave to prosecute their claims. Once they obtained leave, they returned to the New Jersey court and established a new set of facts, which were never before the Bankruptcy Court. They established liability and obtained a judgment against Caldor, which they will-or will not-be able to enforce against Gulf, depending (among other things) on whether Gulf received timely notice of their claim. Their claim arises, not

out of the bankruptcy proceeding, but out of the accident, the New Jersey Judgment and the terms of the Gulf Policy.").

This case, however, arises out of the same "nucleus of operative facts" as the Underlying Action. Defendants are alleged to have done business in New York and committed certain torts in New York. Defendants have been sued in New York, and Defendants have demanded that Hiscox defend and indemnify them for the New York Underlying Action. As a result, this Court may properly exercise personal jurisdiction over Defendants.

### B. This Court's Jurisdiction over Defendants Satisfies All Due Process Requirements

"The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). "In determining whether sufficient minimum contacts exist, the court considers the relationship among the defendant, the forum, and the litigation." *Roberts-Gordon, LLC v. Superior Radiant Products, Ltd.*, 85 F. Supp. 2d 202, 217 (W.D.N.Y. 2000) (citations omitted). A plaintiff can satisfy the minimum contacts requirement by demonstrating that "the cause of action arises out of or relates to the defendant's contacts with the forum state, and that the defendant 'purposefully availed' himself of the privileges of doing business in New York such that he could foresee being 'haled into court' there." *Id.*

While participation in a related lawsuit, without more, is insufficient to confer jurisdiction, where the conduct forming the basis of the underlying suit is an intentional tort directed at the forum state, and where the defendant demands insurance coverage for that lawsuit, such conduct is sufficient to establish minimum contacts. *See Admiral Ins. Co. v. Briggs*, No. 3:02-CV-0310-P, 2002 WL 1461911 at *9 (N.D. Tex. July 2, 2002) ("It is fair to call Millman into this Court since, taking the underlying allegations in CB Parkway as true, Millman could have reasonably foreseen

being haled into court in Texas for interfering with a Texas property owner's lien. Since this case concerns the extent of Admiral's duty to defend Millman based on those allegations, it follows that it is also reasonably foreseeable that this action might bring him before this Court, as well."); *see also Honso USA, Inc.*, *supra* at *5 ("…[B]y virtue of his participation in *Horan*, and for the same reasons found by the state court, defendant Wen has purposely availed himself of the laws of California in connection with his activities directed at the forum and his participation in *Horan*.").

Next, the assertion of personal jurisdiction in this case comports with traditional notions of fair play and substantial justice. In making this determination, a court should consider the following factors: (1) the burden on the defendant if the court exercises jurisdiction; (2) the forum state's interest in adjudicating the matter; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental substantive social policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Because Defendants' conduct occurred in New York and was directed to New York, and because their conduct had consequences in New York, it is hardly unfair or unreasonable to expect them to submit to the jurisdiction of a New York court. New York has a clear interest in insurance coverage available for torts committed within the State, and it would be most efficient to have both the Underlying Action and declaratory judgment action litigated in the same venue. Although it might be less of a burden for Defendants to defend this matter in Mississippi, "the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago." *Metropolitan Life*, 84 F.3d at 574. As discussed in detail below, it is hardly inconvenient for Defendants to litigate this matter.

**IV.     This Case Should Not be Dismissed for Improper Venue**

The Southern District of New York is the proper venue for this declaratory judgment action under 28 U.S.C. 1391(b)(2) or, alternatively, (b)(3). For the same reasons discussed above, a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York where the Underlying Action is pending. Additionally, venue is also proper in any judicial district in which any defendant is subject to the court's personal jurisdiction. As this Court has personal jurisdiction over the Defendants, venue is also proper in this District. Defendants confuse improper venue with *forum non conveniens* (discussed below) in arguing that this case must be dismissed because it would be more convenient for them to litigate in Mississippi. While the District of Mississippi may be where Defendants prefer to litigate, that fact alone does not make the Southern District of New York an improper venue.[3]

**V.     This Case Should Not be Dismissed Based on *Forum Non Conveniens***

A strong, favorable presumption is applied to a plaintiff's choice of forum, and rarely should that choice be disturbed. *DiRienzo v. Philip Services Corp.*, 294 F.3d 21, 28 (2d Cir. 2002). The balance must be strongly in favor of defendants before that choice is disturbed. *Id.* (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). *Forum non conveniens* "is a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000).

A two-step analysis is applied in determining whether *forum non conveniens* dismissal or transfer is appropriate: (1) whether an adequate alternative forum exists, and if so, (2) "courts must

---

[3]Hiscox further notes that the Mississippi Supreme Court has held that venue for insurance interpretation (and bad faith lawsuits) is proper where events giving rise to the claim against the insured, which resulted in the denial of coverage, took place. *Greenwood v. Mesa Underwriters Specialty Ins. Co.*, 179 So. 3d 1082 (Miss. 2015).

then balance a series of factors involving the private interests of the parties in maintaining the litigation in the competing fora and any public interests at stake." *Id.* at 100. Those factors include: the relative ease of access to sources of proof; the cost of obtaining willing witnesses; the ability to compel unwilling witnesses to attend; the practical problems which may result in expensive, lengthy, and difficult litigation; administrative difficulties arising from the conduct of more than one litigation; the local interest in avoiding having a localized controversy decided in a distant forum; and the avoidance of unnecessary problems in conflicts of law or in the application of foreign law. *Young & Rubicam, Inc. v. Casey*, 1994 WL 471568, at *4 (S.D.N.Y. Aug. 31, 1994); *see also Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 1001 (2d Cir. 1993).

The relative ease of access to proof and availability of witnesses are not factors here. The Underlying Action is venued here, and therefore this Court has a front row seat to all issues involved in that case. Contrary to Defendants' assertions, this case will not involve witnesses or production of significant (or any) documents. This is an insurance coverage action wherein Hiscox is asking this Court to review the complaint in the Underlying Action and the Hiscox CGL Policy and find, as a matter of law, that there is no duty to defend or indemnify the Defendants. Hiscox is prepared to file an immediate motion for summary judgment based on the documentary evidence alone, without need for any document discovery or deposition testimony. Given the connection to the Underlying Action, and this Court's interest in having a localized controversy decided here, this is the only forum that makes sense.

The interest in having a trial in a forum that is familiar with the law governing the action, and avoiding unnecessary problems in the application of foreign law, similarly do not weigh in favor of dismissal or transfer. The fact that Mississippi law applies to the terms of the Hiscox Policy is not sufficient to render Mississippi the more convenient forum. This Court is arguably

LEGAL\40031346\4

the most sophisticated District Court in the United States and is more than qualified to interpret Mississippi law. *See Manu Int'l, S.A. v. Avon Products, Inc.*, 641 F.2d 62, 67-68 (2d Cir. 1981) ("Proof of foreign law may be a burden in this case, but it is not alone enough to push the balance of convenience strongly in favor of the defendant...").

There are no factors which obligate this Court to dismiss or transfer the case based on *forum non conveniens*. Hiscox's choice of forum is entitled to deference absent evidence it was improperly motivated, and particularly where Hiscox chose the only forum with a connection to the Underlying Action. All sources of proof are located in this District and New York has a greater interest than Mississippi in adjudicating these rights. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, P.L.C.*, No. 03 Civ. 0200 (GEL), 2003 WL 21180421 (S.D.N.Y. May 20, 2003) (Dismissal of insurers' suit for declaratory judgment of non-coverage was not warranted on *forum non conveniens* grounds). Accordingly, Defendants' motion to dismiss and/or transfer should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied. Alternatively, if the Court finds that it does not have personal jurisdiction over the Defendant, this case should be expeditiously transferred to the United States District Court for the Southern District of Mississippi, in lieu of dismissal.

LEGAL\40031346\4

Respectfully submitted,

New York, New York
February 20, 2019

COZEN O'CONNOR

By:     _/s/ Laura B. Dowgin_____
        Laura B. Dowgin, Esq. (LD8588)
        COZEN O'CONNOR
        45 Broadway Atrium, 16th Floor
        New York, New York 10006
        Tel: (212)-453-3775
        Fax: (646)-461-2087
        Email: LDowgin@cozen.com
        *Attorneys for Plaintiffs*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 20th day of February, 2019.

COZEN O'CONNOR

By:      _/s/ Laura B. Dowgin_____
Laura B. Dowgin, Esq. (LD8588)
COZEN O'CONNOR
45 Broadway Atrium, 16th Floor
New York, New York 10006
Tel: (212)-453-3775
Fax: (646)-461-2087
Email: LDowgin@cozen.com
*Attorneys for Plaintiffs*

20