UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

HISCOX INSURANCE COMPANY, INC.,

             Plaintiff,

    v.

CURTIS BORDENAVE, BUSINESS
MOVES CONSULTING, INC. dba
BUSINESS MOVES,

             Defendants.

1:18-CV-10222-PAE

**REPLY MEMORANDUM OF LAW OF IN SUPPORT OF**

**DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 1

I.  Plaintiff's Amended Complaint Must Be Dismissed, as a Matter of Law, Pursuant to Fed. R. Civ. P. 12(B)(2), for the Failure to Obtain Personal Jurisdiction over either Defendant. ........ 1

    A.  Defendants Have Not Waived Their Right to Challenge Personal Jurisdiction…………..1

        1.  Requesting Additional Time to Find Counsel Does Not Waive Defendants' Right to Challenge Personal Jurisdiction. .................................................................................. 2

        2.  Challenging a Motion for Default Does Not Waive Defendants' Right to Challenge Personal Jurisdiction..................................................................................... 3

        3.  Defendants Involvement in Litigation in the Underlying Action Does Not Waive Defendants' Right to Challenge Personal Jurisdiction in this Action. ........................ 4

        4.  The Issue of Personal Jurisdiction Has Not Even Been Disposed of nor Otherwise Litigated in the Underlying Action. ............................................................ 6

    B.  This Court Does Not Have Personal Jurisdiction Over Defendants……………………..7

II.  Plaintiff's Amended Complaint Must Be Dismissed, as a Matter of Law, Pursuant to Fed. R. Civ. P. 12(B)(2), because Plaintiff Brought this Action in an Improper Venue...................... 9

CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Am. Cas. Co. v. River's Edge Pharm., LLC*, 2006 U.S. Dist. LEXIS 67507 (W.D. Tex. Jan. 9, 2006) .................................................................................................... 10, 12

*Arthur Williams, Inc. v. Helbig*, 2001 U.S. Dist. LEXIS 6576 (S.D.N.Y. May 17, 2001) ............ 8

*Avemco Ins. Co. v. GSF Holding Corp.*, 1997 U.S. Dist. LEXIS 13716 (S.D.N.Y. Sep. 5, 1997) ................................................................................................................ 14

*Chambers v. Weinstein*, 2014 NY Slip Op 51331(U), 997 N.Y.S.2d 668 (Sup. Ct.) ..................... 6

*City of N.Y. v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296 (E.D.N.Y. 2007) ................................ 9

*Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972) .................................................................... 7

*In re Helicopter Crash near Wendle Creek, B.C.*, 485 F. Supp. 2d 47 (D. Conn. 2007) .............. 6

*International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945); ......................................... 13

*N.Y. Marine Managers, Inc. v. Maitland Bros. Co.*, 746 F. Supp. (S.D. Fla. 1990) .............. 10, 12

*Nat'l Indem. Co. v. Pierce Waste Oil Serv., Inc.,* 740 F. Supp. 721 (E.D. Mo. 1990) ............ 10, 13

*Nautilus Ins. Co. v. Adventure Outdoors, Inc.*, 247 F.R.D. 356 (E.D.N.Y. 2007) ......................... 9

*Porina v. Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008) .................................................. 14

*Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109 (S.D.N.Y. Oct. 21, 2002) ........................................................................................................................ 14

*Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421 7 (S.D.N.Y. 2018) ............. 15

*Walden v. Fiore*, 134 S. Ct. 1115 (2014) ............................................................................... 13, 14

**Statutes**

28 U.S.C. 139l(b) ........................................................................................................................ 14

CPLR § 302(a) ............................................................................................................................ 11

## INTRODUCTION

Defendants Curtis Bordenave and Business Moves Consulting, Inc. (collectively, "Defendants") respectfully submit this reply memorandum of law in support of their motion to dismiss with prejudice the Complaint brought by Plaintiff Hiscox Insurance Company, Inc. ("Plaintiff" or "Hiscox"), pursuant to the following sections of the Federal Rules of Civil Procedure: (1) Rule 12(b)(2), on the basis that Plaintiff failed to establish personal jurisdiction; (2) Rule 12(b)(3), on the basis that Plaintiff has brought this action in an improper venue.

This action concerns the parties' respective rights and obligations under an insurance policy that was offered and sold in Mississippi, under Mississippi law, to a company with its principal place in business in Mississippi. Defendants have never transacted, nor are currently transacting, any business in the State of New York, other than their involvement in the current litigation and the related Underlying Action.

Plaintiff persists in centering its argument against dismissal on the proposition that Defendants, by deciding to defend themselves in a separate action in this district related to alleged trademark infringement, have automatically availed themselves to this Court's jurisdiction in this action. This argument ignores precedent and clearly does not fit with foundational concepts of specific (rather than general) jurisdiction, judicial policy, and Due Process.

## ARGUMENT

I. **PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(b)(2), FOR THE FAILURE TO OBTAIN PERSONAL JURISDICTION OVER EITHER DEFENDANT.**

   A.   **Defendants Have Not Waived Their Right to Challenge Personal Jurisdiction.**

1

### 1. Requesting Additional Time to Find Counsel Does Not Waive Defendants' Right to Challenge Personal Jurisdiction.

Plaintiff argues that by acknowledging the existence of this Action and by submitting a series of letters to the court in order to request additional time to find counsel, Defendants have appeared in this case to the extent that they have waived their right to challenge the Court's personal jurisdiction over Defendants. But Plaintiff cites no authority whatsoever to support its argument that a party's request for additional time to find adequate counsel works a forfeiture or waiver of personal jurisdiction. Plaintiff argues that letters submitted to the Court by Business Moves' General Counsel, explaining the circumstances of Business Moves' search for adequate representation, constitutes "voluntary use of certain district court procedures" and the seeking of "affirmative relief" from the Court. Opp. At 8 (citing *Pemex*, 832 F.3d at 101). But there is no precedent to support this contention, and Plaintiff does not offer any.

In fact, the available precedent strongly supports the opposite conclusion: that a defendant's mere acknowledgement of a pending action against it and its request for time to find counsel does not constitute the type of litigation activity that would impliedly waive any right to challenge personal jurisdiction. *See, e.g.*, *In re Helicopter Crash near Wendle Creek, B.C. on August 8, 2002*, 485 F. Supp. 2d 47, 52 (D. Conn. 2007) (Plaintiff's argument that Defendant "waived its objection to personal jurisdiction" where it "filed only two unopposed motions to extend time before filing its motion to dismiss" was "without merit and deserves little discussion"); *see also Chambers v. Weinstein*, 2014 NY Slip Op 51331(U), ¶ 11, 44 Misc. 3d 1224(A), 1224A, 997 N.Y.S.2d 668, 668 (Sup. Ct.) (finding that where defendants' counsel appeared and requested an extension of time to answer or move, the personal jurisdiction defense had not been waived). Even in the age when "special appearances" were required to preserve the defense of lack of personal jurisdiction, courts of this circuit did not find a waiver. *Grammenos v. Lemos*, 457 F.2d

2

1067, 1070 (2d Cir. 1972) ("A request for extension of time [. . .] does not constitute waiver of jurisdictional objections.").

It stands to reason that any court would find that requesting additional time to find counsel does not carry an implicit consent to a court's jurisdiction, because the role of counsel is to help the client and the Court understand legal issues such as the reach of the Court's jurisdiction with regard to the defendants in a given matter. If courts were to find that a waiver of personal jurisdiction was effectuated every time a party corresponded with a court to request additional time to find counsel, they would be promulgating a policy by which a defendant must merely ignore a summons and complaint until they have found counsel to challenge jurisdiction. This would only have the effect of depriving courts and litigants of transparency and foreseeability, and it would discourage participation in the judicial process and open communication with courts. The Plaintiff's proposed conclusion is incompatible with any palatable understanding of Due Process and the role of counsel in helping litigants understand and defend their rights.

### 2. Challenging a Motion for Default Does Not Waive Defendants' Right to Challenge Personal Jurisdiction.

Similarly, Plaintiff submits that by opposing its motion for default, Defendants have waived their right to challenge personal jurisdiction. This argument is nonsensical on its face, and Plaintiff has offered no authorities to support this conclusion.

Again, there is clear precedent for the opposite conclusion: that an opposition to a motion for default judgement does not implicitly waive the non-moving parties' right to challenge personal jurisdiction. *See, e.g., Arthur Williams, Inc. v. Helbig*, 2001 U.S. Dist. LEXIS 6576, at *7 (S.D.N.Y. May 17, 2001) ("[T]he submission of papers in opposition to a motion for a default

judgment and an appearance at a pretrial conference in reference to that motion" did not constitute a waiver of any defenses).

Moreover, as above, a finding that an opposition to a motion for default impliedly concedes the issue of personal jurisdiction would be completely inconsistent with the foundational concepts of Due Process and the judicial policies designed to encourage participation in the judicial process. If challenging a motion for default conceded personal jurisdiction, the non-moving party would have to accept the default and challenge its enforcement in a venue that does have personal jurisdiction over the defaulting party. Such a rule would merely call for an unnecessary exertion of judicial resources, leading to baseless judgments piling up in distant venues and forcing other courts to vacate them at a later time.

### 3.   Defendants' Involvement in Litigation in the Underlying Action Does Not Waive Defendants' Right to Challenge Personal Jurisdiction in this Action.

Plaintiff argues that "Defendants' participation in the Underlying Action operates to waive any personal jurisdiction defense in this related insurance coverage action" and "to hold otherwise would be to effectively permit forum shopping." Opp. at 9. But the overwhelming precedent from federal courts considering the issue of personal jurisdiction in this sort of follow-on Declaratory Judgment Action brought to challenge coverage in another suit is that participation in the Underlying Action does not amount to a waiver of jurisdiction in any action brought by the insurer, and that such an action should be brought in the jurisdiction where the policy was entered into.

For example, Judge Jack B. Weinstein recently addressed a nearly identical situation in a 2007 opinion, *Nautilus Ins. Co. v. Adventure Outdoors, Inc.*, 247 F.R.D. 356, 357-60 (E.D.N.Y. 2007). Prior to that case, the City of New York sued a number of out-of-state firearm retailers—including Adventure Outdoors, Inc. ("Adventure")—alleging a scheme of "straw purchases"

designed to subvert New York City law. *City of New York v. A-1 Jewelry & Pawn Shop, Inc*., No. 06-CV-2233 (E.D.N.Y.) (the "*Nautilus* Underlying Action" or "A-1"). After Adventure and other defendants in the *Nautilus* Underlying Action moved to dismiss the City's complaint for lack of personal jurisdiction, the court found that New York did have personal jurisdiction under CPLR 302(a)(3)(ii). *See City of N.Y. v. A-1 Jewelry & Pawn, Inc*. (the *Nautilus* Underlying Action), 247 F.R.D. 296, 338 (E.D.N.Y. 2007).

Shortly thereafter, Nautilus Insurance ("Nautilus") brought suit for a declaratory judgment in the same district, seeking for a judicial holding that a commercial general liability policy afforded no coverage to Adventure and its corporate owner, "Wallace," in the *Nautilus* Underling Action. Adventure moved to dismiss for lack of personal jurisdiction. In opposition, *Nautilus* "argue[d] that since the court has held that it can exercise personal jurisdiction over Adventure in the *A-1* action, *see A-1,* 501 F. Supp. 2d 369, it can therefore exercise personal jurisdiction over both Adventure and Wallace in the instant *Nautilus* action." *Id.* at 359.

Judge Weinstein rejected this, finding that: "While beguiling, the argument does not persuade." He reasoned:

> "Nautilus's claim is based upon a contractual dispute between an Arizona based insurance company and two Georgia based parties, not upon a tort action in which Adventure's and Wallace's conduct outside of New York caused tortious injury to Nautilus within New York. The fact that Adventure is a defendant in a nuisance action in New York in which personal jurisdiction is based on New York's long arm statute does not mean that New York courts can exercise personal jurisdiction over Adventure or its alleged owner Wallace in any action. The court does not have personal jurisdiction over Adventure and Wallace in this action. The finding in the A-1 action of tortious conduct for jurisdictional purposes does not -- and is not intended to -- constitute a finding of tort for substantive purposes."

The case at bar is virtually identical to *Nautilus* (except that, here, personal jurisdiction over Defendants has not even been established or heard by the court). The Plaintiff has persisted in

arguing that since there may be personal jurisdiction over defendants in the Underlying Action, there must be Personal Jurisdiction over the Defendants in this case.

This argument ignores a wealth of federal court decisions—including *Nautilus*—holding that an insurer's declaratory judgment action to determine the scope of its coverage obligations with regard to a particular litigation do not "arise from" the same conduct alleged in that underlying litigation for purposes of jurisdiction; they arise from the parties' formation of a contract for insurance coverage. *See, e.g., Am. Cas. Co. v. River's Edge Pharm., LLC,* No. SA-05-CA-525-FB, 2006 U.S. Dist. LEXIS 67507, at *29, *7 (W.D. Tex. Jan. 9, 2006); *N.Y. Marine Managers, Inc. v. Maitland Bros. Co.*, 746 F. Supp. 95, 97-98 (S.D. Fla. 1990); *Nat'l Indem. Co. v. Pierce Waste Oil Serv., Inc.,* 740 F. Supp. 721, 724 (E.D. Mo. 1990). None of these federal courts found that an insured Defendant's participation in an underlying action resulted in a waiver or forfeiture of the insured's right to challenge jurisdiction in an insurer's declaratory judgement action.

### 4. The Issue of Personal Jurisdiction Has Not Even Been Disposed Of nor Otherwise Litigated in the Underlying Action.

Plaintiff seems to rely on personal jurisdiction over Defendants in the Underlying Action as if it has been firmly established, either by waiver or by ruling, when that is simply not the case. As Plaintiff concedes, Defendants did deny the adequacy of the alleged basis for personal jurisdiction in the Underlying Action, and they have not yet waived it, nor has the court in that matter made any finding on the issue. Although such a finding would still not establish this court's personal jurisdiction in *this* action, as held in *Nautilus*, no such finding has been made here. Thus, Plaintiff's sole argument for a finding of personal jurisdiction is not only incorrect but also premature.

**B.      This Court Does Not Have Personal Jurisdiction Over Defendants.**

Plaintiff's arguments that this Court has jurisdiction under CPLR 302(a)(1) or (a)(3) are fundamentally flawed for one reason: those jurisdictional statutes establish specific, rather than general, jurisdiction, which critically depends on whether a particular "cause of action *aris[es] from any of the acts* enumerated in this section." CPLR § 302(a) (emphasis added). The Underlying Action arises from an entirely different set of alleged acts, i.e., commercial sales and marketing activities that allegedly infringed on someone else's intellectual property. By contrast, as federal courts in numerous jurisdictions have found in similar insurance disputes, this Action "arises from" the act of entering into a contract for insurance coverage. That act occurred in Mississippi, with no clear connection to New York. Because the Plaintiff's alleged basis for jurisdiction appears to end there, and they have not offered any other cognizable basis for jurisdiction in New York, then the Court's analysis need not go any further. This is a dispute about obligations under a contract that was entered into in Mississippi, for insurance provided under the laws and regulation of Mississippi, and to a company that is formed under the laws of Mississippi, and whose principal place of business is in Mississippi, and nowhere else. Thus, there is a total lack of any possible basis for long-arm jurisdiction over the Defendants in New York.

As Judge Weinstein emphasized in *Nautilus*, jurisdiction under CPLR 302(a) is specific jurisdiction, and therefore "*is granted only* '[a]s to a cause of action arising from any of the acts enumerated in [the] section.'" *Nautilus*, 247 F.R.D. at 358 (no long arm jurisdiction over defendants in insurer's action "seek[ing] a declaration that no coverage is afforded to [defendants] by the insurance policy for the claims made and relief sought in [an underlying nuisance lawsuit] against" defendants, even though jurisdiction had been found in the underlying action).

7

Federal courts interpreting numerous states' long arm jurisdiction statutes have agreed with this analysis under the same circumstances. *Am. Cas. Co. v. River's Edge Pharm., LLC,* No. SA-05-CA-525-FB, 2006 U.S. Dist. LEXIS 67507, at \*29, \*7 (W.D. Tex. Jan. 9, 2006) (in the same circumstances of an insurer's declaratory judgment action, finding that "the only act which [defendant-insured] has directed at Texas is to ask [plaintiff-insurer] to defend and indemnify it in a lawsuit filed against it in Texas by a Texas resident" and therefore held it "had not purposefully directed any activities at Texas and consequently, this Court lacks jurisdiction."); *N.Y. Marine Managers, Inc. v. Maitland Bros. Co.*, 746 F. Supp. 95, 97-98 (S.D. Fla. 1990) (same, noting that "[p]rior to the [maritime accident which gave rise to the underlying action] defendant had practically nothing to do with the State of Florida," rejecting the insurer's argument that "the coverage and the duty to defend are inextricably interwoven with the grounding and the reason for its occurrence," and ultimately finding that "The [maritime accident] is not the subject matter of the instant action" and therefore there was no basis to invoke Florida's long arm statute."); *Nat'l Indem. Co. v. Pierce Waste Oil Serv., Inc.,* 740 F. Supp. 721, 724 (E.D. Mo. 1990) (same, finding: "These activities [which gave rise to an underlying action] may have prompted plaintiffs to seek this declaratory judgment, but they did not give rise to the rights at issue in this case. On the contrary, the parties' respective rights and the universe of plaintiffs' liability were established when they entered into a contract for insurance in Illinois.").

Because this action concerns the parties' respective rights, such as the Plaintiff's assertion that "[t]rademark infringement is not included in the definition of 'personal and advertising injury'" under the Hiscox policy issued to the Defendants in Mississippi and under Mississippi law, there is no cognizable basis for personal jurisdiction over Defendants under New York's long arm statute. Comp. at Para 53. The "universe of plaintiff's liability was established when it entered

into a contract for insurance in" Mississippi long before the Underlying Action was even commenced. *Pierce*, 740 F. Supp. at 724.

Plaintiff has failed to raise any other facts that would establish long arm jurisdiction or Defendants' minimum contacts in New York sufficient to comply with Due Process. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945); *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) (in judging minimum contacts, a court focuses on "the relationship among the defendant, the forum, *and the litigation*.") (emphasis added); *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."). Minimum contacts will be found only if the defendant engaged in some act by which it "purposefully avails itself of the privilege of conducting activities within the forum." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (citations omitted); *Walden v. Fiore*, 134 S.Ct at 1122 ("[f]or a State to exercise jurisdiction consistent with due process, the *defendant's suit-related conduct* must create a substantial connection with the forum State," and it is the defendant's conduct that "must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

In this matter an assertion of personal jurisdiction over the Defendants would be inconsistent with traditional notions of fair play and substantial justice because the Defendants lack minimum contacts with the State of New York, and subjecting them to jurisdiction in New York strictly because they have participated in a separate litigation against them here would offend any notion of fair play and discourage participation in the judicial system.

II.     **PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED, AS A MATTER OF LAW, PURSUANT TO FED. R. CIV. P. 12(B)(2), BECAUSE PLAINTIFF BROUGHT THIS ACTION IN AN IMPROPER VENUE.**

9

As Defendants are not subject to this Court's jurisdiction, venue is improper. *See* 28 U.S.C. 139l(b). *See, e.g., Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109, at *9 (S.D.N.Y. Oct. 21, 2002); *see also Avemco Ins. Co. v. GSF Holding Corp.*, 96 CIV. 8323 (LAP), 1997 U.S. Dist. LEXIS 13716, at *1 (S.D.N.Y. Sep. 5, 1997). In *Avemco* the Court granted the defendant's motion to transfer the declaratory judgment action to New Jersey in part because the Court found that the locus of operative facts existed in that state, since the insurance policy at issue arose as a result of telephone conversations made in New Jersey and correspondence sent and received in New Jersey. *See id; see also Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 436-37 (S.D.N.Y. 2018) ("[C]ourts generally find that the site of the loss is irrelevant in determining the locus of operative facts in an insurance coverage.") (citing *Royal*). Moreover, the action in *Avemco* presented insurance coverage issues that would likely have been decided under New Jersey contract law.

Similarly, in this case the Defendants were in Mississippi when they purchased the Policies in dispute, and Mississippi law governs those policies. In this case the "site of loss" within the Underlying Action is irrelevant to determining the locus of operative facts. Without that, all other factors—except perhaps the convenience of the Defendants—weigh in favor of transfer or dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice.

New York, New York
Dated: February 26th, 2019

John J. Thompson, Esq.
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
john.t@joneslawnyc.com
bryce@joneslawnyc.com
*Attorneys for Defendants*

11